**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JESSE ERWIN BINE,          )  NO. CV 09-3981-PA(E)
                              )
            Petitioner,   )
                              )
   v.                    )  ORDER OF DISMISSAL
                              )
JAMES D. HARTLEY, Warden,   )
                              )
            Respondent.   )
_____)

    On June 2, 2009, Petitioner filed a "Petition Under 28 USC § 2254 for Writ of Habeas Corpus By a Person in State Custody" in the United States District Court for the Eastern District of California. By Order filed June 4, 2009, the Eastern District transferred the Petition to this Court.

    The Petition challenges a state court conviction occurring in 1994 (Petition at 1). Petitioner previously challenged this same conviction in a habeas corpus petition filed in this Court in 1998. See Bine v. Hickman, CV 98-4343-HLH(E) ("the prior habeas action"). On August 18, 1998, this Court entered Judgment in the prior habeas

action, denying and dismissing the prior petition with prejudice, as barred by the applicable statute of limitations.  On February 16, 1999, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996").  Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals.  See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"); Miles v. Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19, 2007) (subsequent petition alleging different claims but challenging the same judgment challenged in a prior habeas petition is "second or successive").  The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."  Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005); accord Grissom v. Adams, 2008 WL 2557483 at *2-3 (C.D. Cal. Apr. 17, 2008), adopted, 2008 WL 2595104 (C.D. Cal. June 23, 2008); Bridgewater v. Scriben, 2007 WL 2262760 at *1 (S.D. Cal. Aug. 3, 2007).  Petitioner evidently has not yet

obtained authorization from the Ninth Circuit Court of Appeals.
Consequently, this Court cannot entertain the present Petition. <u>See</u>
<u>Burton v. Stewart</u>, 549 U.S. at 157; <u>see also</u> <u>Dews v. Curry</u>, 2008 WL
590476, at *3 (E.D. Cal. Feb. 29, 2008) (without Court of Appeals'
authorization, "this court lacks jurisdiction to consider the
petition").

        For all of the foregoing reasons, the Petition is denied and
dismissed without prejudice.


        LET JUDGMENT BE ENTERED ACCORDINGLY.


              DATED: July 11, 2009.


                    _____
                              PERCY ANDERSON
                    UNITED STATES DISTRICT JUDGE


PRESENTED this 6th day of
July, 2009, by:


_____/S/_____
          CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE